# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| ADRIANE JO COFFEY, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:25-cv-200 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | Magistrate Judge Steger |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| *Defendant.* | ) | |

## <u>ORDER</u>

On July 17, 2026, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 21] pursuant to 28 U.S.C. § 636 and the Rules of this Court. The Magistrate Judge recommends that Plaintiff's request for relief [Docs. 13 & 20] be granted, the Commissioner's request for relief [Doc. 19], be denied, and the matter be remanded for rehearing. No party has filed an objection to the Report and Recommendation.[1] The Court has nonetheless reviewed the Report and Recommendation, as well as the record, and agrees with Judge Steger's well-reasoned conclusions and recommendations.

More specifically, the Magistrate Judge recommends a "sentence four remand." [Doc. 21 at 10]. As the United States Court of Appeals for the Sixth Circuit has recently explained, § 405(g) of the Social Security Act authorizes several distinct types of remand. *Follen v. Comm'er of Social Security*, 167 F.4th 352, 356-57 (6th Cir. 2026). "A Sentence Four remand requires a determination

---

[1] The Magistrate Judge advised that the parties had 14 days in which to object to the Report and Recommendation and that failure to do so would waive any right to appeal. [Doc. 21 at 11, n.1]; *see* FED. R. CIV. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

on the merits of the claimant's request for disability benefits," and "must accompany a final judgment affirming, modifying, or reversing the administrative decision." *Id.* at 356 (cleaned up, citation omitted). Accordingly, "if the district court wants to remand under Sentence Four, it must decide the merits of the case." *Id.*; *see also Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (explaining that sentence four of § 405(g) authorizes "a post-judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner]"). As the R&R explains: "Where there is insufficient support for the ALJ's findings, 'the appropriate remedy is reversal and a sentence-four remand for further consideration.'" [Doc. 21 at 10] (quoting *Morgan v. Astrue*, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011)).

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Steger's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 21]. Plaintiff's request for remand [Docs. 13 & 20] is **GRANTED,** the Commissioner's request for relief [Doc. 19] is **DENIED**, and the ALJ's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). This action is hereby **DISMISSED**. A separate judgment will enter.

    **SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

2